**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**

TRACY WILLIAMS PLAINTIFF

v. CASE NO: 4:26-cv-04069-SOH

PLEASANT MANOR NURSING HOME INC. DEFENDANT

**COMPLAINT**

**[JURY TRIAL DEMANDED]**

The Plaintiff Tracy Williams, by and through her attorneys, The Maxx Law, PLC, brings this action against Pleasant Manor Nursing Home Inc., and alleges, on knowledge as to her own actions and otherwise upon information and belief, as follows:

1. Plaintiff Miss Tracy Williams ("Plaintiff") is an individual who resides at 971 East Richmond Street, Ashdown, Arkansas 71822.

2. Upon information and belief, Pleasant Manor Nursing Home Inc ("Defendant") is a corporation with its principal place of business at 950 Homestead Drive, Ashdown, Arkansas 71822.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district. The alleged unlawful employment practices occurred at Defendant's facility located in Ashdown, Little River County, Arkansas, which is within the Western District of Arkansas.

5. Plaintiff began working for Defendant on or about January 7, 2026, as a Certified Nursing Assistant.

6. Plaintiff was assigned to work at Defendant's facility located at 950 Homestead Drive, Ashdown, Arkansas 71822.

7. Plaintiff was the only Black employee on her floor during her employment with Defendant.

8. Each night Plaintiff worked, she was assigned to work with one white aide.

9. The white aide was assigned to Hall A and half of Hall B, which Plaintiff understood to be the easier assignments.

10. Plaintiff was assigned to Hall D, which she understood to be the heaviest hall in the building, as well as short Hall C and half of Hall B, which Plaintiff also understood to be heavy assignments.

11. Plaintiff's supervisor determined the work assignments for Plaintiff and the white aide.

12. Other individuals who saw the work sheet told Plaintiff that the assignments were wrong and discriminatory.

13. Plaintiff had previously worked for Defendant with the same supervisor and coworker and experienced similar treatment.

14. During her most recent period of employment, Plaintiff worked for Defendant for approximately 60 days without missing a day of work.

15. On or about March 23, 2026, Plaintiff's employment with Defendant was terminated.

16. Plaintiff was told she was discharged due to a patient complaint and for allegedly hiding a call light.

17. Plaintiff denies hiding a call light.

18. Plaintiff alleges that she was subjected to harassment and discharged because of her race, Black.

19. Plaintiff was not given a reason for the alleged harassment she experienced.

20. Plaintiff filed a charge of discrimination with the EEOC on or about June 10, 2026.

21. The EEOC assigned Charge Number 493-2026-02006 to Plaintiff's complaint.

22. On June 17, 2026, the EEOC issued a Notice of Right to Sue to Plaintiff.

**COUNT ONE**
**(Against Pleasant Manor Nursing Home Inc.)**

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), as it employs more than 15 employees and is engaged in an industry affecting commerce. Plaintiff was employed by Defendant as a Certified Nursing Assistant from on or about January 7, 2026, until her discharge on March 23, 2026. Plaintiff is a member of a protected class based on her race, Black. Defendant subjected Plaintiff to disparate terms and conditions of employment, including assignment of the most difficult work and termination, because of her race, in violation of 42 U.S.C. § 2000e-2(a)(1).

25. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered and continues to suffer loss of income, emotional distress, and other damages in an amount to be determined at trial.

**COUNT TWO**
**(Against Pleasant Manor Nursing Home Inc.)**

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Defendant, by assigning Plaintiff to the most difficult work assignments and ultimately terminating her employment, limited, segregated, or classified Plaintiff in a way that deprived her of

employment opportunities or otherwise adversely affected her status as an employee because of her race, in violation of 42 U.S.C. § 2000e-2(a)(2).

28. Plaintiff lacks an adequate remedy at law for the ongoing and irreparable harm caused by Defendant's discriminatory practices and therefore seeks appropriate equitable relief.

29. By reason of the foregoing, Plaintiff seeks all available legal and equitable relief, including but not limited to reinstatement, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, and costs, in an amount to be determined at trial.

WHEREFORE, Miss Tracy Williams respectfully requests that this Court:

1. Declare that Pleasant Manor Nursing Home Inc engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

2. Enjoin Pleasant Manor Nursing Home Inc from engaging in further discriminatory employment practices on the basis of race, and order such affirmative relief as may be appropriate, including but not limited to reinstatement of Miss Tracy Williams to her former position or, in the alternative, front pay in lieu of reinstatement.

3. Award Miss Tracy Williams back pay, including lost wages and benefits, in an amount to be determined at trial, as a result of Pleasant Manor Nursing Home Inc's unlawful employment practices.

4. Award Miss Tracy Williams compensatory damages for emotional distress, pain and suffering, and other non-economic losses resulting from Pleasant Manor Nursing Home Inc's discriminatory conduct, in an amount to be determined at trial.

5. Award Miss Tracy Williams punitive damages against Pleasant Manor Nursing Home Inc for its willful and malicious violation of Title VII, in an amount to be determined at trial, as permitted by law.

6. Award Miss Tracy Williams her reasonable attorneys' fees, expert witness fees, and costs of this action, pursuant to 42 U.S.C. § 2000e-5(k).

7. Award Miss Tracy Williams prejudgment and post-judgment interest as allowed by law.

8. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Matthew J. Vonnahme*
Matthew J. Vonnahme, Attorney
Arkansas Bar No. 2020198
*Attorney for Plaintiff*
**THE MAXX LAW FIRM**
PO Box 1184
Fort Smith, AR 72902
Telephone: (844)484-3629
**Matt@TheMaxxLaw.com**